## CIRCUIT COURT OF LOUDOUN COUNTY

Douglas D. Walker,
Executor
of the Estate of
Catherine J. Smith

    v.

Jack D. Smith et al.

            Case No. (Chancery) 19548

Jack D. Smith

    v.

Douglas D. Walker et al.

            Case No. (Chancery) 19358

            December 1, 1999

BY JUDGE JEAN HARRISON CLEMENTS

    The Court has considered Col. Smith's Motion in Limine in Chancery No. 19548. While the Motion seeks a decree against "any other party" it is specific as to Cross-Complainants "Shockey," whose Cross-Bill and Responses to Interrogatories express an intent to call Delegate William J. Howell, Professor J. Rodney Johnson, and E. M. Miller, Jr., Esquire, Division of Legislative Services, as witnesses in their prayer for relief seeking a construction of law of Virginia Code § 64.1-16.1 and whether survivorship property is included or excluded from an augmented estate. Col. Smith's Motion seeks to prohibit testimony or affidavits regarding "the intent, purpose, or meaning of" § 64.1-16.1.

Col. Smith relies upon § 8.01-401.3(B) that such testimony would be inadmissible as an opinion which constitutes a conclusion of law as to the legal question before the Court. He further argues that testimony of legislators or draftsmen of legislation "after the fact" is inadmissible as to the intent and meaning of statutes and relies primarily upon *City of Richmond v. Supervisors of Henrico County*, 83 Va. 204 (1887).

The "Shockey" Cross-Complainants argue that pursuant to Va. Code § 8.01-386 the court may take judicial notice of laws and to do so may consult "any book, record, register, journal, or other official document or publication purporting to contain, state or explain such law *and may consider any evidence or other information or argument that is offered on the subject.*" (Emphasis added.)

C. Friend, *Law of Evidence in Va.*, 5th ed., § 19-20, describes "the process of interpreting the law" as "judicial notice of 'legislative facts'." However, nothing about this provision seems in conflict with, or by its general terms negates the unequivocal holding of the *City of Richmond, supra*, or the express language of § 8.01-401.3(B).

The Motion in Limine is granted. However, this ruling does not preclude introduction of evidence or the consideration of judicial notice of official documents or records purporting to contain, state or explain § 64.1-16.1.

The Court also heard arguments on Col. Smith's Demurrers to the Cross-Bills of the Executor and the "Grandnieces" in Chancery No. 19358. Finding that each states a cause of action, for the reasons argued in opposition thereto, the Demurrers are overruled.